■ CITIBANK, N. A., Respondent, v NAN RAKOWER, Appellant, et al., Defendant. CITIBANK, N. A., Respondent, v ISRAEL J. RAKOWER et al., Appellants. [682 NYS2d 179] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered March 24, 1997, in favor of plaintiff and against defendants in the amount of $322,209.98, inclusive of interest and costs, and bringing up for review an order of the same court and Justice, entered March 6, 1997, granting plaintiff's motion for summary judgment, unanimously affirmed, with costs. Order, same court (Barry Cozier, J.), entered July 2, 1998, which denied defendant wife's motion to confirm an undertaking, unanimously affirmed, with costs.

The payor bank, a nonparty herein, acted within its midnight deadline of dishonoring and returning the check, deposited by defendants with plaintiff, the collecting/depositary bank (see, UCC 4-301, 4-302), and plaintiff acted within its own midnight deadline of charging back defendants' account for the provisional credit and notifying them that the check had been dishonored, resulting in an overdraft of defendants' account (see, UCC 4-212). Thus, the amount of the provisional credit for the check was properly charged back against the account, and the IAS Court correctly granted plaintiff summary judgment on that claim.

Defendant wife's unelaborated, conclusory and belated assertion that she derived no benefit from the wire transfer that caused the overdraft is insufficient to overcome the necessary inference that, as a joint holder of the account with defendant husband and sole owner of all of the couple's other assets, including the marital residence, she benefitted from the transfer of funds to a family friend, as to whom defendant husband acknowledged some unspecified "obligation".

We perceive no abuse of discretion in Supreme Court's

refusal to accept the undertaking offered by defendant wife. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.